UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAYTH RAAD KAMIL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-7541-TLN-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Layth Raad Kamil was ordered removed from the United States on September 8, 2025. That removal order became final upon the dismissal of petitioner's BIA appeal on July 1, 2026. Petitioner is in ICE custody pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the law. For the following reasons, I recommend that the petition be denied without prejudice.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a

petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Background**

Petitioner was detained by ICE on January 23, 2025, for removal proceedings in immigration court. ECF No. 8 at 13. On September 8, 2025, the immigration court ordered petitioner removed. ECF No. 8 at 44-63. Petitioner appealed to the BIA, which dismissed his appeal on July 1, 2026. ECF No. 8 at 66-68. Petitioner has petitioned for review, and his appeal is currently pending in the Fifth Circuit Court of Appeals, which denied a stay of removal on October 1, 2026. See *Kamil v. Blanche*, No. 26-60796 (5th Cir. Oct. 1, 2026). Petitioner is in ICE custody while it works to effectuate his removal.

**Analysis**

Petitioner claims that his detention is prolonged and that there is no significant likelihood of removal in the reasonably foreseeable future.[1] ECF No. 1 at 5. Petitioner's removal order became administratively final on July 1, 2026. ECF No. 8 at 66-68; *see* 8 C.F.R. § 1241.1(a). This began the 90-day statutory removal period under 8 U.S.C. § 1231(a)(1)(A). *See id.* at subd. (a)(1)(B)(i). Petitioner's detention was mandatory during this 90-day period. *See id.* at subd. (a)(2)(A).

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. The Supreme Court established a burden-

[1] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The 90-day statutory removal period has recently ended, but petitioner is still within the presumptively reasonable six-month period provided by *Zadvydas*. Petitioner attached a travel document issued by his home country that would have permitted his removal from January 23, 2026, to July 21, 2026. *See* ECF No. 1 at 10, 15-18. Although that travel document has expired, petitioner has given the court no reason to believe that another one cannot be procured. At this point, petitioner is still within the presumptively reasonable period under *Zadvydas* and his detention beyond the 90-day statutory period is authorized under 8 U.S.C. § 1231(a)(6).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED without prejudice. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed within the six-month presumptively reasonable period provided by *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his prolonged detention and addressing whether removal is significantly likely in the reasonably foreseeable future.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE