UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAYTH RAAD K.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-7541-TLN-JDP

**ORDER**

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 12.) Petitioner filed objections to the findings and recommendations (ECF No. 16), and they have been considered by the undersigned.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 19, 2026 (ECF No. 12), are ADOPTED in full.

2. The motion for temporary restraining order (ECF No. 17), is DENIED as moot.

3. The motion to stay (ECF No. 18), is DENIED for the reasons set forth in the findings and recommendations (ECF No. 12).

4. The petition for writ of habeas corpus (ECF No. 1), is DENIED without prejudice. If Petitioner is not removed within the six-month presumptively reasonable period provided by *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), nothing in this Order should be construed as prohibiting Petitioner from filing a new petition challenging his prolonged detention and addressing whether removal is significantly likely in the reasonably foreseeable future.

5. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATE: November 9, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE